County of McDonough v. Pace.

---

## County of McDonough v. G. W. Pace et al.

1.  PAUPERS.—*Necessaries Furnished by Private Persons.*—A county is liable for necessaries furnished a pauper upon the order of a supervisor.

**Memorandum.**—Assumpsit. Error to the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

STATEMENT OF THE CASE.

This case was presented to the court, a jury being waived, upon the following agreed state of facts, viz.: That prior to March 19, 1890, the defendant county furnished partial support to its poor and indigent persons resident within said county; that on said 19th day of March, 1890, the board of supervisors of said county passed the following resolution : " Resolved that each township pay all partial support granted its inmates;" that on the 21st day of March, 1890, the board of supervisors directed the county clerk of said county to draw an order upon the treasurer of said county for $8,000 of the money in the hands of said treasurer, levied and collected for the support of paupers and poor and indigent persons in said county, and that said money be distributed between the various towns of said county in proportion to the amount of taxes levied in each town; that under said resolution there was placed in the hands of the supervisors of the city of Macomb in said county, the sum of $788.75; that said supervisors of said city of Macomb expended all of said money in the partial support of paupers and poor and indigent persons, prior to the first day of March, 1892; that since the said money was placed in the hands of said supervisors under such order of distribution, the county board of said county has refused to and has not paid any money or claims for the partial support of poor and indigent persons; that since the first day of March, 1892, the plaintiffs furnished provisions and groceries to one Louisa Pestle, a poor and indigent person residing in the city of Macomb, in said county; that said provisions and groceries were furnished upon the order of John W. Cook, one of the supervisors of said city; that plaintiffs presented a bill for said goods, duly verified by affidavit, to the board of supervisors of said county, and that said board of supervisors refused to pay the same, the appeal in this cause being from the order of said board in refusing to pay said bill; that the provisions and groceries furnished by the plaintiffs were necessary for the support of said Louisa Pestle, and were reasonably worth the sum of $3.04; that prior to the first

day of March, 1892, and at and prior to the time said provisions and groceries were furnished, the county board of said county had provided, and there was in said county, a poor-house, under the control of said county board, where the paupers of said county were supported, and that paupers of said county were supported at said poor-house by said county; that paupers were and are received at said poor-house when taken by supervisors of said county, and upon the order of any of said supervisors.

The court found the issues for the plaintiff, and rendered judgment accordingly for the amount of the plaintiff's account, $3.04, to reverse which the county has prosecuted its writ of error.

Neece & Son, attorneys for plaintiff in error.

Brief of Defendants in Error, Baily & Holly and Agnew & Vose, Attorneys.

It is the duty of the county to furnish necessary support to all poor and indigent persons who are not supported by their relatives or at the county poor-house. R. S., Chap. 107, Sec. 20, 23; County of Perry v. City of Du Quoin, 99 Ill. 479.

The contracts of a supervisor within the scope of his statutory powers and in the absence of fraud, binds the county. Board of Sups. of Clay Co. v. Plant, 42 Ill. 325.

The county can not escape liability by refusing or neglecting to make any rules or regulations on the subject, or by making unreasonable rules and regulations. County of Perry v. City of Du Quoin, 99 Ill. 479.

Plaintiff in error can not complain in this court that the Circuit Court erred as to the law applicable to the case, for the reason that no propositions of law were submitted to the Circuit Court. R. S., Chap. 110, Sec. 42; Hobbs v. Ferguson, 100 Ill. 232; N. W. Ben. and M. A. Assn. v. Hall, 118 Ill. 169.

Mr. Justice Wall delivered the opinion of the Court.

We are of opinion the judgment of the Circuit Court is correct. The nature and extent of the liability of the

county in respect to the support of paupers were quite fully discussed in The County of Perry v. The City of Du Quoin, 99 Ill. 479.

It is unnecessary to repeat or enlarge upon what was there said. The principles announced cover this case and sufficiently support the judgment, which will be affirmed.